IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YEFERSON FRANCISCO SEQUERA RUIZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1756-RP |
| | § | |
| DAVID VENTURELLA, *Acting Director of U.S.* | § | |
| *ICE*, et al., | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Before the Court is Petitioner Yeferson Francisco Sequera Ruiz's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). On July 2, 2026, the Fifth Circuit held in a published opinion that detainees held in immigration detention pursuant to 8 U.S.C. § 1225(b)(2) without a bond hearing for longer than ninety days must be released. *Sosnava Rodriguez v. Ortega*, No. 26-50183, --- F.4th ---, 2026 WL 1906557, at *17 (5th Cir. July 2, 2026) ("If still detained pre-removal, today's opinion would require their release unless they had been provided a bond hearing that denied release."). Petitioner has been held for **242 days** under § 1225(b)(2) without a bond hearing. (Resp., Dkt. 9, at 2).

Federal Respondents now contend that the immigration court system should be given time to address this new binding precedent rather than the Court ordering release. (*Id.*). The Court disagrees. Under the Fifth Circuit's binding precedent,[1] Petitioner's prolonged detention without a bond hearing is a due process violation, and the opinion "require[s] [his] release." *See id.*

---

[1] Though the mandate has not yet issued, the Court considers this published opinion to be binding. A stay in the issuance of a mandate does not impact the precedential value of published opinions. *See, e.g.*, *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992); *Acute Care Ambul. Serv., L.L.C. v. Azar II*, No. 7:20-CV-00217, 2020 WL 7640206, at *13 (S.D. Tex. Dec. 3, 2020). Moreover, per Federal Rule of Appellate Procedure 36(a), "A judgment is entered when it is noted on the docket." Fed. R. App. P. 36(a). The Fifth

Federal Respondents also note that Petitioner has "already filed a habeas corpus petition in this Court that was denied" by another United States District Judge. (*Id.* at 1 (citing *Sequera Ruiz v. Blanche*, 1:26-CV-993-ADA)). Though successive habeas petitions under 28 U.S.C. § 2241 are "subject to dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again" or when "a second petition that raises a claim that could have been raised in a first petition may be deemed an abuse of the writ unless the petitioner can show cause and prejudice for his failure to raise the claim earlier," *Ortiz-Lopez v. Federal Bureau of Prisons, Dir.*, 830 F. App'x 127, 131 (5th Cir. 2020), neither of those bases for dismissal apply here. Due to an intervening change of law, the Fifth Circuit's holding in *Sosnava Rodriguez* now requires the Court to grant Petitioner's Petition for Writ of Habeas Corpus.

Accordingly, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as follows. All relief not granted is **DENIED**.

1. Upon receipt of this order, Respondents shall <u>immediately</u> release Petitioner from custody;

2. Respondents shall release Petitioner under conditions no more restrictive than those in place prior to the detention at issue in this case;

3. Respondents shall return all personal property that was confiscated from Petitioner;

4. As soon as is practicable, and no less than two hours before release, Respondents shall notify Petitioner's counsel by email[2] of the exact location and time of Petitioner's release;

5. Respondents are enjoined from further detaining Petitioner under 8 U.S.C. § 1225(b)(2) without first conducting a bond hearing, scheduled with notice to Petitioner and set at a date agreed upon by both parties. At such a hearing, Respondents bear the burden of justifying Petitioner's detention by clear and convincing evidence.

---

Circuit has entered judgment in *Sosnava Rodriguez*. *See Sosnava Rodriguez*, No. 26-50183, Dkt. 168 (5th Cir. July 2, 2026).

[2] Edwin Enrique Villa Jr., edwin@villafirm.law

**IT IS FINALLY ORDERED** that Respondents shall provide a status report **on or before July 8, 2026**, detailing their compliance with this Order.

**SIGNED** on July 6, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE